**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD ACUNA, | ) | CASE NO. CV 14-5664-RGK (RZ) |
| Petitioner, | ) ) ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED |
| vs. | ) ) | STATES MAGISTRATE JUDGE |
| C. E. DUCART, Warden, | ) ) | |
| Respondent. | ) ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a <u>de novo</u> review of those portions of the Report to which Petitioner has objected.

The bulk of the arguments that Petitioner makes in his objections is sufficiently addressed in the magistrate judge's Report. In his objections, however, Petitioner asserts that his Petition should not be dismissed as untimely because the factual predicate of his claims was not discoverable until May of 2012. At that time, Petitioner received declarations from Michael Murakami and John Murakami stating that they – not Petitioner – committed the robbery of which Petitioner was convicted. Both declarations are discussed at length in the magistrate judge's Report. However, that discussion addressed Petitioner's argument that the limitations period should be equitably tolled

because he was actually innocent of the charged crime. Until now, Petitioner had not raised an argument that the factual predicate of his claim was not discoverable until 2012.

Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations on a given claim for relief does not begin to run until the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. This statutory provision is of no help to Petitioner in terms of his ineffective assistance of counsel claim. There, Petitioner faults his counsel for failing to present additional evidence regarding Petitioner's speech impediment, for failing to call an expert witness to show the unreliability of the victim's identification of Petitioner, and for failing to move to sever Petitioner's case from that of his co-defendants. Each of these allegations of attorney error was readily discoverable at the time of Petitioner's trial; thus, the 2012 declarations do not render any of those allegations timely.

Moreover, even assuming that the declarations render Petitioner's free-standing actual innocence claim timely, that claim nevertheless is not cognizable on federal habeas review. As the Supreme Court has explained, "'the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus.'" *Herrera v. Collins*, 506 U.S. 390, 400, 416, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) (quoting *Townsend v. Sain*, 372 U.S. 293, 317, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963)). Further, the United States Supreme Court has expressly left open the question of whether a freestanding claim of actual innocence is cognizable on federal habeas review. *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1931, 185 L. Ed. 2d 1019 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71-72, 129 S. Ct. 2308, 174 L. Ed. 2d 38 (2009) (whether federal constitutional right to be released upon proof of "actual innocence" exists "is an open question"). Although the Supreme Court has suggested the possibility of a "hypothetical freestanding innocence claim," it has stated that such a claim, if one is ever recognized, would be applicable only in capital cases. *House v. Bell*, 547 U.S. 518,

554-55, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006); *see also Herrera*, 506 U.S. at 417. Accordingly, Petitioner cannot maintain his actual innocence claim under any circumstances.

In short, none of Petitioner's objections is meritorious. The Court, therefore, accepts the findings and recommendations of the Magistrate Judge.

DATED: April 14, 2015

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE